IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JAMES JACKSON | : | CIVIL ACTION |
|  | : |  |
| v. | : | 07-04463 |
|  | : |  |
| CHESTER COUNTY et. al. |  |  |

**MEMORANDUM**

**Baylson, J.**                                             April 23, 2008

**I.      Introduction**

Plaintiff, James Jackson, ("Plaintiff" or "Jackson") brings an action for money damages pursuant to 42 U.S.C. § 1983.  (Doc. No. 1).  Plaintiff sues Defendants, Chester County,[1] Chester County District Attorney's Office,[2] Chester County Detectives Office, Officer David Grandizeo, and unknown police officers, referred to as John Doe, ("Defendants") for violation of his civil and constitutional rights under the Fourth, Fifth, and Fourteenth Amendments.  Claims are brought against Defendant officers in their individual capacity.  Plaintiff brings a claim against Chester County for a pattern and practice of discrimination pursuant to <u>Monell v. New York City Department of Social Services,</u> 436 U.S. 658, 694 (1978).  Plaintiff also alleges that the officers committed several state law violations.

---

[1] In his Complaint, Plaintiff incorrectly identified Chester County as Chester County Government.

[2] In his Complaint, Plaintiff incorrectly identified the Chester County District Attorney's Office as the Chester County Prosecutor's Office.

1

Plaintiff claims federal jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343(1),(2),(3), and upon pendent jurisdiction of this Court to entertain claims arising under state law.  Plaintiff also seeks attorney's fees pursuant to 42 U.S.C. § 1988.

Defendants move to dismiss Plaintiff's Complaint, in part, pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that Plaintiff fails to state a claim upon which relief can be granted.  (Doc. No. 4).  The Court rules: (1) Defendants' motion to dismiss Plaintiff's § 1983 claim against officers in their individual capacity is denied; (2) Plaintiff's pattern and practice claim against Chester County is dismissed without prejudice because he does not allege a pattern and practice of discrimination as required by Monell, 436 U.S. at  694 (holding that a local government cannot be sued pursuant to 42 U.S.C. § 1983 for an injury inflicted solely by its employees unless the employees' actions were the result of government custom or policy); (3) the Chester County District Attorney and the Chester County Detective's Office are dismissed with prejudice; (4) all state law claims against Chester County are dismissed with prejudice; (5) Plaintiff's claim of negligence is dismissed with prejudice; (6) certain state law claims against the individual officers in Counts VI through IX shall proceed to discovery; (7) Plaintiff's claim for punitive damages under § 1983 is dismissed.

**II.      Background**

Plaintiff alleges that on or about November 15, 2005, he stopped at a Shell Gas Station along Route 82 in Coatesville, Pennsylvania, for a cup of coffee.  (Compl. at ¶ 9).   Plaintiff claims that as he was leaving the gas station, he was detained by several police officers who ran toward him with their guns drawn.  (Id. at ¶ 11).  Plaintiff claims that the officers pointed their guns at his head.  (Id.)  Plaintiff claims that the officers ordered him to lie face down on the

ground and that one officer came over to Plaintiff and pointed his gun at Plaintiff's head and put his foot forcefully on Plaintiff's back, pushing Plaintiff into the pavement. (Id. at ¶ 12). The officer, who Plaintiff believes is Officer David Grandizeo, held Plaintiff pinned to the ground for five to ten minutes until another officer brought him a set of handcuffs. (Id.) Plaintiff alleges that Officer Grandizeo then pulled Plaintiff's left arm behind his back suddenly and with such force that Plaintiff's "head snapped making a popping sound in his arm and back area." (Id. at ¶ 13). Plaintiff alleges that he was questioned by the police and then allowed to leave. (Id. at ¶ 14). Plaintiff alleges that as a result of this altercation, he sustained serious permanent injuries requiring medical treatment as well as lost wages and other damages. (Id. at ¶ 15).

In Count I, Plaintiff alleges Defendants acted under color of law to deprive Plaintiff of his rights under the Fourth, Fifth and Fourteenth Amendments of the Constitution in violation of 42 U.S.C. § 1983. (Id. at ¶18). Plaintiff alleges that Defendants engaged in actions in furtherance of the aims of a conspiracy that resulted in the deprivation of Plaintiff's constitutional rights. (Id.) In Count II, Plainitff alleges that Defendants deprived him of his right to be secure in his person against unreasonable searches and seizures and freedom from arrest, pursuant to the Fourth Amendment and Fourteenth Amendments. (Id. at ¶¶ 19-21). In Count III, Plaintiff alleges that Defendants were motivated by racial animus and deprived Plaintiff of his rights to equal protection under the law, pursuant to Fourteenth Amendment, in violation of 42 U.S.C. § 1983. (Id. at ¶¶ 22-23). In Count IV, Plaintiff alleges that Defendants failed to train or adequately supervise their employees to ensure that the constitutional rights of individuals, including Plaintiff, were not violated by the actions of their employees or agents and that as a direct result of this inadequate training and supervision, Plaintiff's constitutional rights were violated. (Id. at

¶¶ 26-27).  In Count V, Plaintiff alleges that Defendant's practices and procedures were negligent and that this negligence renders them liable for injuries sustained by Plaintiff.  (Id. at ¶¶ 29-30).  In Count VI, Plaintiff alleges that Defendants' actions constituted an assault on Plaintiff.  (Id. at ¶¶ 31-32).  In Count VII, Plaintiff alleges that as a result of the acts and omissions of Defendants, Plaintiff suffered humiliation, emotional distress, pain, and suffering and that Defendants knew or should have known that their actions would cause emotional distress.  (Id. at ¶¶ 34-35).  In Count VIII, Plaintiff alleges that Defendants' actions constituted false imprisonment of Plaintiff, that Plaintiff was aware that he had been falsely imprisoned and that such actions were not privileged.  Plaintiff further alleges that Defendants acted in concert and conspired to commit false imprisonment and that as a result of this false imprisonment, Plaintiff suffered from serious physical injuries, both mental and physical, as well as humiliation and emotional trauma.  (Id. at ¶¶ 37-41).  In Count IX, Plaintiff alleges that Defendants, acting within the scope of their authority, forcefully seized Plaintiff and wrongfully and unlawfully arrested him by detaining him against his will.  Plainitff alleges that Defendants acted in concert and conspired to commit said false arrest.  (Id. at ¶¶ 43-46).

### III.   Legal Standards

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments.  Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).  The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).

A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to state a valid complaint a plaintiff must make a "showing" that is more than just a blanket assertion that he is entitled to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "We caution that without some factual allegation in a complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also 'grounds' on which the claim rests." Id. (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 n. 3 (2007).

**IV.     Discussion**

    **A.     Defendants' Motion to Dismiss Plaintiff's § 1983 Claims Against Individual Defendants is Denied**

Claims pled pursuant to 42 U.S.C. § 1983 do not require a heightened standard of pleading. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163 (1993). Under this standard, Plaintiff has successfully stated a claim for relief against individual officers under § 1983. While Defendants' arguments as to the deficiencies of Plaintiff's § 1983 claims against Officers Grandizeo and Doe may be relevant in a summary judgment argument, they are premature at this juncture. Plaintiff's § 1983 claim against the individual officers shall proceed to discovery.

    **B.     Plaintiff's Claim that Chester County Engaged in a Pattern and Practice of Discrimination is Dismissed Without Prejudice**

Defendants assert that Plaintiff's claims against Chester County must be dismissed because Plaintiff makes no allegation that the conduct of Officer Grandizeo was part of a pattern and practice condoned by Chester County and therefore that Plaintiff has failed to state a claim under § 1983. (Def.'s Mot. to Dismiss at 4). The Defendant is correct that a municipality may

not be held liable under § 1983 solely because its employee is a tortfeasor. See Monell, 436 U.S. at 692. When a § 1983 Plaintiff claims that a municipality has not directly inflicted injury, but nonetheless is responsible because an employee has done so, a plaintiff must show that the government's policy or custom is responsible for the injury, caused by the violation of his constitutional rights. Id. at 694. There must be a direct causal link between the policy or custom and the constitutional inquiry. Carswell v. Borough of Homestead, 381 F.3d 235, 244 (3d Cir. 2004). Rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for actions of its employees. Board of County Com'rs of Bryan County Okl. v. Brown, 520 U.S. 397, 405 (1997).

Plaintiff's Fourth Cause of Action, (Training and Supervision) states: "On information and belief, defendants failed to train or adequately supervise their employees to ensure that the constitutional rights of individuals, including, but not limited to, plaintiff was not violated by the actions of its employees or agents." (Compl. at ¶ 26)

This assertion, standing alone, does not state a claim: Plaintiff has not sufficiently alleged that the harm he suffered was caused by a constitutional violation brought about by a policy or practice of discrimination for which Chester County was responsible. See Marran v. Marran, 376 F.3d 143, 156 (3d Cir. 2004) (affirming district court's dismissal of a § 1983 action because Plaintiff did not name a municipal policy or custom which caused constitutional violations). Plaintiff does not allege what policy or practice of Chester County may have led to the incident in question, other than to state generally that the County inadequately trained and supervised its officers. This claim is dismissed without prejudice.

    **C.**    **Defendants Chester County District Attorney's Office and Detective's Office are Dismissed as Defendants with Prejudice**

Plaintiff named Chester County District Attorney's Office and the Chester County Detective's Office as Defendants. However, as Defendants correctly point out, these two organizations are not separate legal entities for the purposes of 42 U.S.C. § 1983. See <u>Baldi v. Philadelphia</u>, 609 F. Supp. 374, 377 (E.D.Pa. 1995) (dismissing claims against Philadelphia Police Department because Department was not separate corporate entity from city so as to permit it to be sued for civil rights violations); <u>Duvall v. Bureau of Oxford</u>, 1992 WL 59163 (E.D.Pa. Mar. 19, 1992) (dismissing the Oxford County Police Department and the Chester County Prison as Defendants in a § 1983 suit because these Defendants have no separate corporate existence from the Oxford Bureau and Chester County). For the purposes of § 1983, Chester County District Attorney's Office and Chester County Detective's Office are considered as one entity, part of Chester County. Accordingly, Defendants' Motion will be granted with respect to Plaintiff's claims against the Chester County District Attorney and Chester County Detective's Office.

**D.     All State Claims Against Chester County are Dismissed With Prejudice**

The Political Subdvision Tort Claims Act, 42 Pa.C.S.A. § 8541, grants municipalities in Pennsylvania governmental immunity from liability for any damages resulting from an injury to a person or property caused by any act of the municipality, its employees, or any other person, except as specifically provided for under 42 Pa.C.S.A. § 8542. This immunity extends to an employee of the municipality who is held liable for damages caused by acts within the scope of his office or official duties. <u>Renk v. City of Pittsburgh</u>, 641 A.2d 289, 292 (Pa. 1994).

Therefore, this Court holds that Chester County is immune from all state law claims listed in the Complaint. These claims are dismissed with prejudice.

### E. Plaintiff's Claim of Negligence is Dismissed With Prejudice

Plaintiff's Fifth Claim, alleging that Defendants are liable to Plaintiff for their negligence, is dismissed. The Third Circuit has interpreted "willful misconduct" under the Tort Claims Act to be synonymous with an intentional tort. A claim of negligence, by definition, is barred by the Tort Claims Act. See Gremo v. Karlin, 363 F. Supp.2d 771, 794 (E.D.Pa. Mar. 1, 2005). Thus, Plaintiff's state law claim of negligence is dismissed with prejudice.

### F. Certain State Law Claims Against Officer Grandizeo and Officer John Doe Will Proceed

Defendants, Officers Grandizeo and John Doe, are entitled to governmental immunity for any injury to a person or property caused by acts of the employee which are within the scope of his office or duties. 42 Pa. C.S. § 8545; see also Renk, 641 A.2d at 292.[3] There is an exception to this general rule shielding governmental employees from liability, however: employees are not immune from liability under § 8545 where their conduct amounts to actual malice or willful misconduct. See Sanford v. Stiles, 456 F.3d 298, 315 (3d Cir. 2006). The term "willful misconduct" is synonymous with the term "intentional tort." Id. (citing Bright v. Westmoreland County, 443 F.3d 276, 287 (3d Cir. 2006)).

Therefore, as Plaintiff has stated state law claims which could involve willful misconduct by Officer Grandizeo and Officer John Doe, the Court will allow these claims to go forward to

---

[3] There are eight exceptions to this policy. Liability can be imposed for: (1) the operation of a motor vehicle in the possession or control of a local agency; (2) the care, custody or control of personal property in the possession or control of a local agency; (3) the care, custody or control of real property; (4) a dangerous condition created by trees, traffic controls, or street lights; (5) a dangerous condition of utility service facilities; (6) a dangerous condition of streets; (7) a dangerous condition of sidewalks; (8) the care, custody or control of animals in the possession or control of a local agency. None of these exceptions appear to apply to the instant case.

discovery.  Specifically, the state law claims may proceed as to Count VI (Assault), Count VII (Intentional Infliction of Emotional Distress), Count VIII (False Imprisonment), and Count IX (False Arrest).

### G. Plaintiff's Claim for Punitive Damages Against Chester County is Dismissed With Prejudice

Municipalities cannot be held liable for punitive damages under § 1983.  See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981).  Therefore, all Plaintiffs claims for punitive damages against Chester County are dismissed.

### V. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is granted in part and denied in part.

An appropriate order to follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES JACKSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | 07-04463 |
| CHESTER COUNTY, et al. | : | |

**ORDER**

AND NOW, this      day of April, 2008, it is hereby ORDERED that Defendants' Motions to Dismiss pursuant to Federal Rule of Procedure 12(b)(6):

(1) is DENIED with regard to Plaintiff's § 1983 claim against individual Officers Grandizeo and Doe.

(2) is GRANTED with regard to the Plaintiff's claim that Defendant, Chester County, engaged in a pattern and practice of discrimination as defined by the <u>Monell</u> doctrine as set out in 436 U.S. at  694.  Plaintiff's claim is dismissed without prejudice.

(3) is GRANTED as to Chester County District Attorney and Chester County Detective's Office.  Plaintiff's claim is dismissed with prejudice.

(4) is GRANTED as to all state law claims against Chester County.  The claims are dismissed with prejudice.

(5) is GRANTED as to state law claim of negligence.  The claim is dismissed with prejudice.

(6) is DENIED regarding Counts Six, Seven, Eight and Nine against Officer Grandizeo and Officer John Doe in their individual capacity.

(7)  Plaintiff's claim for punitive damages against Chester County in its § 1983 claim is dismissed.

(8) Plaintiff may file an Amended Complaint as to Chester County within 14 days.

BY THE COURT:

_____
Michael M. Baylson, U.S.D.J.

A:\07-4463 Jackson v. Chester--motion to dismiss memo opinion.wpd